2:06-cr-20034-MPM-DGB     E-FILED
                 Tuesday, 27 June, 2006 04:57:17 PM
                 Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
301 West Main Street
Benton, IL 62812
618/439-7760

June 26, 2006

Clerk
United States District Court
201 S. Vine Street
Urbana, IL 61802

**FILED**

JUN 27 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Re:    Transfer of Jurisdiction of David Leslie Norman
         Our File: 97-40029-MMM
         CDIL: 06-20034

Dear Clerk:

       On 5/26/06, an Order by the Honorable J. Phil Gilbert, U.S. District Judge, was filed transferring the probation jurisdiction from this District Court to the Central District of IL.

       The court is using the electronic case filing system. You may access our electronic case file at the following web address: http://ecf.ilsd.uscourts.gov to obtain a copy of the Indictment, Judgment, and docket sheet. We have assigned a login and password for district courts to use in accessing this information. The login is        and the password is       . This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat Reader loaded on your computer in order to view the documents.

                 Sincerely,

                 Norbert G. Jaworski, Clerk

                 By:S/Deborah Agans, Deputy Clerk

CR12
(12/04)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
JUN 18 1997
CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 97-40091-JPG |
| vs. | ) Title 18, United States Code, |
| | ) Section 876 |
| DAVID LESLIE NORMAN, | ) |
| Defendant. | ) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

On or about February 2, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service according to the directions thereon, a written communication addressed to Russel "Rusty" Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

### COUNT 2

On or about February 18, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service according to the directions thereon, a written communication, addressed to Gary Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.



## COUNT 3

On or about February 18, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Jeff Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 4

On or about February 18, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Joe S. Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 5

On or about February 18, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Keith and Kathy Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 6

On or about February 18, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Marilyn Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 7

On or about February 18, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to William A. Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 8

On or about February 22, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Willie B. Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 9

On or about February 22, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Frank J. Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 10

On or about February 22, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Harry Cunningham Jr., and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 11

On or about February 24, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Lucille Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

**COUNT 12**

On or about March 3, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Andy and Dee Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

**COUNT 13**

On or about March 3, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Andy P. Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

**COUNT 14**

On or about March 3, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Ted Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

### COUNT 15

On or about March 3, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Virginia Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

### COUNT 16

On or about March 3, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to William Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

### COUNT 17

On or about March 3, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Floyd Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 18

On or about March 3, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Michael Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 19

On or about March 3, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Ethel Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 20

On or about March 4, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Jason Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

**COUNT 21**

On or about March 21, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Jas Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

**COUNT 22**

On or about March 21, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Marcus Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

**COUNT 23**

On or about March 21, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to Ray Cunningham, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 24

On or about April 8, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to J. Phil Gilbert, Chief Judge of the United States District Court for the Southern District of Illinois, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

## COUNT 25

On or about April 18, 1997, in the Southern District of Illinois, the defendant,

**DAVID LESLIE NORMAN,**

did knowingly cause to be delivered by the postal service, according to the directions thereon, a written communication, addressed to J. Phil Gilbert, Chief Judge of the United States District Court for the Southern District of Illinois, and containing a threat to injure the person of the addressee, in violation of Title 18, United States Code, Section 876.

A TRUE BILL

_____
FOREPERSON

_____
W. CHARLES GRACE
United States Attorney

Recommended Bond: Detention

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Southern District of Illinois at East St. Louis

FILED
APR 9 1998
CLERK, U.S. DISTRICT COURT
EAST ST. LOUIS DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| David Leslie Norman | Case Number: 4:97CR40029-001 |
| | William Gavras |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **1 - 4, 24 and 25**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 876 | Mailing threatening communications to a Federal Judge and to private citizens | 04/18/1997 | 1 - 4, 24, 25 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) **5 - 23** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: -0354
Defendant's Date of Birth: 1954
Defendant's USM No.: 00884-025
Defendant's Residence Address:

Marion  IL  62959

Defendant's Mailing Address:

Marion  IL  62959

03/27/1998
Date of Imposition of Judgment

s/Michael M. Mihm
Signature of Judicial Officer

Michael M. Mihm
U.S. District Judge
Name & Title of Judicial Officer

4/9/98
Date

30

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __6__

DEFENDANT: David Leslie Norman
CASE NUMBER: 4:97CR40029-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __96 month(s)__.

Consisting of 60 months on Counts 1 - 4, all to be served concurrently, and 60 months on Counts 24 and 25, all but 36 months to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

**USP Leavenworth**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __3__ of __6__

DEFENDANT:     David Leslie Norman
CASE NUMBER:   4:97CR40029-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3___ year(s).

**Defendant shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the probation officer and shall take any and all prescribed medications as directed by the treatment providers. Defendant shall pay for these services as directed by the probation officer.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

by
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary ...lties

Judgment-Page __4__ of __6__

DEFENDANT: David Leslie Norman
CASE NUMBER: 4:97CR40029-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 600.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __5__ of __6__

DEFENDANT: David Leslie Norman
CASE NUMBER: 4:97CR40029-001

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒ In full immediately; or

B  ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐ not later than _____ ; or

D  ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the Court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, United States Courts, P. O. Box 249, 750 Missouri Avenue, East St. Louis, Illinois 62202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page __6__ of __6__

DEFENDANT: David Leslie Norman
CASE NUMBER: 4:97CR40029-001

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):
The Court determines that an upward departure is warranted

**Guideline Range Determined by the Court:**

Total Offense Level:    19

Criminal History Category:    IV

Imprisonment Range:  46 - 57 months

Supervised Release Range:  2 to 3 years

Fine Range:  $ __6,000.00__ to $ __60,000.00__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☒ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☒ for the following specific reason(s):

1) Substantial interference with administration of justice. 2) Inadequacy of criminal history category.